UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| RONALD ALVERSON and SCS CARBON TRANSPORT LLC, | * * * * | 3:22-cv-3022 |
| Plaintiffs, | * | |
| -vs- | * | |
| MCPHERSON COUNTY, SOUTH DAKOTA; | * * * | |
| MCPHERSON COUNTY BOARD OF COMMISSIONERS; | * * * | |
| ANTHONY KUNZ, in his official capacity as a McPherson County Commissioner; | * * * * | |
| RICK BEILKE, in his official capacity as a McPherson County Commissioner; | * * * * | **ANSWER TO PLAINTIFFS' COMPLAINT** |
| DELMAR METZGER, in his official capacity as a McPherson County Commissioner; | * * * * | |
| SID FEICKERT, in his official capacity as a McPherson County Commissioner; and | * * * * | |
| JEFF NEUHARTH, in his official capacity as a McPherson County Commissioner, | * * * * * * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

      The defendants, for their Answer and responsive pleading to the plaintiffs' Complaint, hereby state and allege as follows:

## FIRST DEFENSE

The plaintiffs' Complaint fails to state a claim upon which relief can be granted and should be dismissed.

## SECOND DEFENSE

Defendants deny each and every matter, allegation and thing set out in the Complaint, except such matters as are hereinafter expressly admitted.

## THIRD DEFENSE

Answering the specific allegations of the Complaint, the defendants:

1. As to the allegations set forth in paragraph 1:

   A. Admit that the Eighth Circuit has held that federal law preempts state and local government efforts to impose their own standards on federally regulated pipelines;

   B. Deny that the cases cited by the plaintiffs in their Complaint are similar to the situation we have in this matter;

   C. Deny the remainder of the allegations in paragraph 1.

2. Deny the allegations set forth in paragraph 2.

3. Are without sufficient information to admit or deny the allegations set forth in paragraph 3.

4. Admit the allegations set forth in paragraph 4.

5. Admit the allegations set forth in paragraph 5.

6. Admit the allegations set forth in paragraph 6.

7. Admit the allegations set forth in paragraph 7.

8. Admit the allegations set forth in paragraph 8.

9. Admit the allegations set forth in paragraph 9.

10. Admit the allegations set forth in paragraph 10.

11. Admit the allegations set forth in paragraph 11.

12. Admit the allegations set forth in paragraph 12.

13. Admit the allegations set forth in paragraph 13.

14. Admit the allegations set forth in paragraph 14.

15. Defendants submit that the article cited to in this paragraph speaks for itself. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 15.

16. Defendants submit that the article cited to in this paragraph speaks for itself. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 16.

17. Defendants submit that the article cited to in this paragraph speaks for itself. Are without sufficient information to admit or deny the allegations set forth in paragraph 17.

18. Are without sufficient information to admit or deny the allegations set forth in paragraph 18.

19. Are without sufficient information to admit or deny the allegations set forth in paragraph 19.

20. Are without sufficient information to admit or deny the allegations set forth in paragraph 20.

21. Are without sufficient information to admit or deny the allegations set forth in paragraph 21.

22. Are without sufficient information to admit or deny the allegations set forth in paragraph 22.

23. Are without sufficient information to admit or deny the allegations set forth in paragraph 23.

24. Defendants submit that the article cited to in this paragraph speaks for itself. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 24.

25. Defendants submit that the article cited to in this paragraph speaks for itself. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 25.

26. Defendants submit that the article cited to in this paragraph speaks for itself. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 26.

27. Defendants submit that the article cited to in this paragraph speaks for itself. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 27.

28. Are without sufficient information to admit or deny the allegations set forth in paragraph 28.

29. Are without sufficient information to admit or deny the allegations set forth in paragraph 29.

30. As to the allegations set forth in paragraph 30:

A. Admit that plaintiffs are developing an interstate CO2 pipeline and related facilities;

    B.    Are without sufficient information to admit or deny the remainder of the allegations set forth in paragraph 30.

    31.    Are without sufficient information to admit or deny the allegations set forth in paragraph 31.

    32.    Are without sufficient information to admit or deny the allegations set forth in paragraph 32.

    33.    Admit the allegations set forth in paragraph 33.

    34.    As to the allegations set forth in paragraph 34:

    A.    Defendants do not know what plaintiffs mean or how the plaintiffs define the term "underway";

    B.    Admit that SCS is in the process of surveying certain routes, negotiating with landowners, and attempting to obtain permits.

    35.    As to the allegations set forth in paragraph 35:

    A.    Defendants admit Plaintiffs have engaged and applied through the South Dakota Public Utilities Commission to obtain a permit.

    B.    Defendants are without sufficient information to admit or deny what the South Dakota Public Utilities Commission can or cannot grant as part of its permitting process, particularly as it pertains to siting.

    36.    Are without sufficient information to admit or deny the allegations set forth in paragraph 36.

    37.    Are without sufficient information to admit or deny the allegations set forth in paragraph 37.

38. Are without sufficient information to admit or deny the allegations set forth in paragraph 38.

39. Are without sufficient information to admit or deny the allegations set forth in paragraph 39.

40. Are without sufficient information to admit or deny the allegations set forth in paragraph 40.

41. Are without sufficient information to admit or deny the allegations set forth in paragraph 41.

42. Are without sufficient information to admit or deny the allegations set forth in paragraph 42.

43. Are without sufficient information to admit or deny the allegations set forth in paragraph 43.

44. Are without sufficient information to admit or deny the allegations set forth in paragraph 44.

45. Are without sufficient information to admit or deny the allegations set forth in paragraph 45.

46. Deny the allegations set forth in paragraph 46.

47. Admit the allegations set forth in paragraph 47.

48. Admit the allegations set forth in paragraph 48.

49. Deny the allegations set forth in paragraph 49.

50. Admit the allegations set forth in paragraph 50.

51. Admit the allegations set forth in paragraph 51.

52. Deny the allegations set forth in paragraph 52.

53. Are without sufficient information to admit or deny the allegations set forth in paragraph 53.

54. Deny the allegations set forth in paragraph 54.

55. Defendants generally agree that the portions cited by the plaintiffs are accurate, however, deny that it fully incorporates the Pipeline Safety Act.

56. Defendants generally agree that the portions cited by the plaintiffs are accurate, however, deny that it fully incorporates the Pipeline Safety Act.

57. Admit the allegations set forth in paragraph 57.

58. Admit the allegations set forth in paragraph 58.

59. Defendants generally agree that the portions cited by the plaintiffs are accurate, however, deny that it fully incorporates the Pipeline Safety Act.

60. Defendants generally agree that the portions cited by the plaintiffs are accurate, however, deny that it fully incorporates the Pipeline Safety Act.

61. Are without sufficient information to admit or deny the allegations set forth in paragraph 61.

62. Due to the nature of the allegations set forth in paragraph 62 no responsive pleading is necessary.

63. Defendants generally admit that the quoted portions of paragraph 63 are accurate.

64. Admit the allegations set forth in paragraph 64.

65. Deny the allegations set forth in paragraph 65.

66. Deny the allegations set forth in paragraph 66.

67. Deny the allegations set forth in paragraph 67.

68. Deny the allegations set forth in paragraph 68.

69. Deny the allegations set forth in paragraph 69.

WHEREFORE, the defendants pray that the plaintiffs' Complaint be dismissed on its merits and with prejudice; that the defendants have and recover their costs and disbursements herein; and that the Court grant the defendants such other and further relief as it deems just and proper under the circumstances.

**THE DEFENDANTS DEMAND TRIAL BY JURY AS ALLOWED.**

Dated this 8th day of June, 2023.

RICHARDSON, WYLY, WISE, SAUCK
 & HIEB, LLP


By   /s/ Joshua K. Finer
       Attorneys for Defendants

Joshua K. Finer
One Court Street
Post Office Box 1030
Aberdeen, SD  57402-1030
Telephone No. 605-225-6310
Email: JFiner@rwwsh.com